**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FLORIDA–TEXAS FREIGHT, INC., Respondent,**

**Truck Drivers, Chauffeurs, Helpers Local Union No. 100, Intervenor.**

**No. 73–1775.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 30, 1974.

Decided Feb. 7, 1974.

Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, William Wachter, Douglas S. McDowell, Attys., National Labor Relations Board, Washington, D. C., on brief for petitioner.

Robert O. Smith, Cincinnati, Ohio, on brief, for respondent: Florida-Texas Freight, Inc.

Sorrell Logothetis, Knee, Snyder & Parks, Dayton, Ohio, on brief, for intervenor: Truck Drivers, Chauffeurs & Helpers Local Union No. 100.

Before McCREE and LIVELY, Circuit Judges, and McALLISTER, Senior Circuit Judge.

ORDER

In this case the National Labor Relations Board seeks enforcement of its order issued against the respondent Florida-Texas Freight, Inc. and reported at 203 N.L.R.B. No. 74. The Board found that the respondent had violated § 8(a)(5) of the Act by unilaterally sub-contracting work without adequate notice to and consultation with the intervenor union. Florida-Texas maintains that the reason for sub-contracting was economic and that its decision to do so did not result from anti-union animus.

We note that the Company did not file exceptions to the finding of the Administrative Law Judge that it had committed Section 8(a)(1) violations prior to the representation election which occurred just a few months prior to the dispute over sub-contracting. The Company also maintains that it attempted to bargain on the issue of sub-contracting and that the agreement signed with the sub-contractor contained a cancellation clause which would permit the Company to rehire its former employees for the work of the unit if an agreement were reached with the Union. No union contract was signed.

Based upon examination of the record, briefs and arguments in this case, we are of the opinion that the findings of the Board are supported by substantial evidence and we are therefore bound by them. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). We are of the further opinion that these findings justify the legal conclusions reached by the Board. Accordingly, we hereby order enforcement of the Board's order.