**ALBION CORPORATION, d/b/a Brooks Towers, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 80–2039.**

United States Court of Appeals, Tenth Circuit.

July 6, 1982.

Rehearing Denied Sept. 21, 1982.

David R. Gorsuch, Denver, Colo. (James A. Jablonski, Denver, Colo., with him on the briefs), for petitioner.

Jerrold Wohlgemuth, Washington, D. C. (Lawrence J. Song, Atty., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., on the brief), for respondent.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

875

McKAY, Circuit Judge.

Albion Corporation has petitioned pursuant to Section 10(f) of the National Labor Relations Act, 29 U.S.C. § 160(f), for review of a supplemental decision and order of the National Labor Relations Board. The Board has filed a cross-application for enforcement. The supplemental order was issued by the Board after this court, in *NLRB v. Albion Corp.*, 593 F.2d 936 (10th Cir. 1979) (*Albion I*), enforced the Board's original decision and order in part and remanded the case to the Board with instructions to reopen the record for the purpose of admitting certain newly-discovered evidence.

This matter stems from a labor dispute involving the janitorial and maintenance workers at a large apartment and office complex. The detailed factual background of the case is set forth in our prior decision. In *Albion I*, we affirmed the Board's conclusions that the company (1) violated § 8(a)(1) of the Act by telling its employees that anyone who went on strike would never work for Albion again; (2) violated § 8(a)(5) and (1) of the Act by refusing to recognize and bargain with the Union; and (3) violated § 8(a)(3) and (1) of the Act by refusing to reinstate certain employees at their prestrike pay rate. We enforced the Board's decision that ordered Albion to refrain from interfering with the employee's rights, to bargain with the union upon request, and to offer reinstatement to the maintenance employees. We declined to affirm the portion of the Board's order that required the company to make its employees whole for loss of pay, because Albion claimed that certain newly-discovered evidence would demonstrate its good faith during negotiations with the maintenance workers and, as such, might affect the Board's determination of when and whether impasse was reached in the bargaining process. This in turn would affect the duration of the company's liability to the maintenance employees for lost pay. Specifically, the company argued that evidence showing it had negotiated a substantially lower economic package than that previously enjoyed by its janitorial workers shortly after it dealt with the maintenance workers' union shows that it was acting in good faith when it assumed a similar bargaining position with respect to the maintenance workers. Albion claims that its bargaining position was dictated by its dire financial straits, and that, considered in that context, its actions in the bargaining process were justified. It was the opinion of this court in *Albion I* that this newly-discovered evidence may have some bearing on the issue of whether Albion was acting in good faith in the negotiations with the maintenance workers, and that Albion should have an opportunity to present this evidence to the Board for consideration. Therefore, we remanded the case to the Board with instructions to reopen the record for the purpose of admitting this evidence.

Pursuant to this court's remand, the Board held a further hearing before an Administrative Law Judge (ALJ) for the purpose of taking evidence in accordance with this court's order. In agreement with the ALJ, the Board found that the new evidence established that Albion assumed similar bargaining positions with respect to its janitorial and maintenance workers, and that, by pursuing this strategy, Albion ultimately was successful in reaching an agreement with the janitors providing for a substantially lower economic package than they had previously enjoyed. Furthermore, the Board accepted the ALJ's determination that the company had not adopted and maintained its bargaining strategy with the janitors for other than legitimate business considerations brought about by its financial condition.

The Board further agreed with the ALJ, however, that Albion committed serious unfair labor practices during its bargaining with the maintenance employees that directly impeded and adversely affected the bargaining process. The Board accepted the determination that the company conditioned the reinstatement of the striking maintenance employees upon acceptance of lower wages after they had unconditionally offered to return to work. Because of these actions, the ALJ concluded, and the

Board agreed, that no meaningful bargaining over wages was possible so long as the reinstatement of the maintenance employees was used as "bargaining bait" by the company to force acceptance of its terms. *Florida-Texas Freight, Inc.*, 203 NLRB No. 74, at 510 (1973), *enforced*, 489 F.2d 1275 (6th Cir. 1974). Hence, no good-faith impasse in the negotiations could exist because the company unlawfully refused to restore the *status quo ante.* The ALJ and the Board therefore found that Albion failed to bargain in good faith with the union in violation of Section 8(a)(5) and (1) of the Act based on the totality of Albion's conduct during negotiations with respect to the maintenance employees. Accordingly, the Board unanimously reaffirmed its previous order directing Albion to make the employees whole for any loss of pay suffered as a result of the failure to reinstate them upon their unconditional application to return to work.

On appeal, Albion in essence argues that one can infer that the Board failed to follow this court's directions because the Board reached the same conclusion on remand that it had initially. Specifically, Albion points out this court's language in *Albion I* where we stated, "[w]e are convinced ... that this proffered evidence ... has great bearing on the question of Albion's good faith," and further, that we would not remand the case "if there were but a 'remote possibility' that the outcome would be affected thereby." 593 F.2d at 941. However, Albion's argument misconstrues the purpose of our remand. We ordered the Board to consider what effect, if any, the newly-discovered evidence would have on the Board's previous conclusions. *Id.* This order certainly does not mandate a different conclusion on remand, but simply requires the Board to consider the evidence of the company's economic condition in the context of the negotiations. The record reflects that the Board carefully considered the evidence as it bears on the entire case, but ultimately concluded that in light of Albion's unfair labor practices, the evidence of financial hardship did not affect its previous conclusions. The fact that the new evidence did not change the Board's decision does not compel the conclusion that the Board ignored the directions of our remand.

Whether a party has fulfilled its obligation of bargaining in good faith is a matter particularly within the Board's expertise, and findings of the Board will not be upset if supported by substantial evidence. *NLRB v. Dent*, 534 F.2d 844, 846 (9th Cir. 1976). *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951); *NLRB v. Big Three Industries, Inc.*, 497 F.2d 43, 46–47 (5th Cir. 1974). We have reviewed the Board's findings on remand and conclude that the Board adequately considered the newly-discovered evidence as it relates to the issue of Albion's good faith in bargaining. Furthermore, we conclude that substantial evidence on the record as a whole supports the Board's conclusion on remand that Albion violated Section 8(a)(5) and (1) of the Act by failing to bargain in good faith with the union in negotiations with its maintenance employees. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *NLRB v. First National Bank*, 623 F.2d 686 (10th Cir. 1980).

Accordingly, an order shall be entered enforcing the Board's supplemental order in full.